UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| NAZAR ALAMER | ) |
| and | ) |
| ABLE SACERIO-CARDENAS, | ) |
| PLAINTIFFS | ) |
| v. | ) CIVIL ACTION NO.  3:09-cv-76 |
| RALCORP FROZEN BAKERY PRODUCTS, INC., | ) Electronically filed |
| DEFENDANT | ) |

**ANSWER OF DEFENDANT**

Defendant Ralcorp Frozen Bakery Products, Inc. ("Defendant"), by counsel, for its Answer to Plaintiffs' Complaint, states as follows:

1. Defendant is without sufficient knowledge to admit or deny the averment of paragraph 1 of Plaintiffs' Complaint that Plaintiff Alamer's country of origin is Iraq. Defendant denies the averment in paragraph 1 of Plaintiff's Complaint that Plaintiff Alamer ceased working for Defendant in December 2007 and states affirmatively that he is a current employee of Defendant.

2. Defendant is without sufficient knowledge to admit or deny the averment of paragraph 2 of Plaintiffs' Complaint that Plaintiff Sacerio-Cardenas's country of origin is Cuba. Defendant denies the averment in paragraph 2 of Plaintiff's Complaint that Plaintiff Sacerio-Cardenas ceased working for Defendant in December 2007 and states affirmatively that he is a current employee of Defendant

3. Defendant admits the averment of paragraph 3 of Plaintiffs' Complaint that it is a Delaware corporation which does business in the Commonwealth of Kentucky. Defendant denies

the averment of paragraph 3 of Plaintiffs' Complaint that its principal place of business is in Missouri and states affirmatively that its principal place of business is in Illinois.

4. Defendant states that the averments of paragraph 4 of Plaintiffs' Complaint state legal conclusions to which no response by Defendant is required.

5. Defendant states that the averments of paragraph 5 of Plaintiffs' Complaint state legal conclusions to which no response by Defendant is required. Defendant denies that Plaintiffs suffer from disabilities and are qualified individuals with a disability as averred in paragraph 5 of Plaintiffs' Complaint.

6. Defendant denies the averments of paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies the averments of paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits the averment of paragraph 8 of Plaintiffs' Complaint that Plaintiff Alamer filed charges with the Equal Employment Opportunity Commission and affirmatively states that such charges were dismissed. Defendant denies the remaining averments of paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits the averment of paragraph 9 of Plaintiffs' Complaint that Plaintiff Sacerio-Cardenas filed charges with the Equal Employment Opportunity Commission and affirmatively states that such charges were dismissed. Defendant denies the remaining averments of paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies the averments of paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the averments of paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the averments of paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the averments of paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies the averments of paragraph 14 of Plaintiffs' Complaint.

15. Defendant admits that, in paragraph 15 of Plaintiffs' Complaint, Plaintiffs purport to bring a claim and seek damages under KRS Chapter 344, but denies that there is any legitimate factual or legal basis upon which they may do so.

16. Defendant reiterates and reaffirms each and every statement contained in its response to paragraphs 1 through 15 above.

17. Defendant denies the averments of paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the averments of paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the averments of paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the averments of paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the averments of paragraph 21 of Plaintiffs' Complaint.

22. Defendant admits that, in paragraph 22 of Plaintiffs' Complaint, Plaintiffs purport to bring a claim and seek damages under KRS Chapter 344, but denies that there is any legitimate factual or legal basis upon which they may do so.

23. Defendant reiterates and reaffirms each and every statement contained in its response to paragraphs 1 through 22 above.

24. Defendant denies the averments of paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the averments of paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the averments of paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the averments of paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the averments of paragraph 28 of Plaintiffs' Complaint.

29. Defendant admits that, in paragraph 29 of Plaintiffs' Complaint, Plaintiffs purport to bring a claim and seek damages under KRS Chapter 344, but denies that there is any legitimate factual or legal basis upon which they may do so.

30. Defendant reiterates and reaffirms each and every statement contained in its response to paragraphs 1 through 29 above.

31. Defendant denies the averments of paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the averments of paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the averments of paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the averments of paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the averments of paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the averments of paragraph 36 of Plaintiffs' Complaint.

37. Defendant denies the averments of paragraph 37 of Plaintiffs' Complaint.

38. Defendant denies any and all other averments in Plaintiffs' Complaint not expressly admitted herein.

39. Defendant denies that Plaintiffs are entitled to the relief they seek and denies that they are entitled to any relief whatever.

## **Defenses and Other New Matter**

40. The Complaint fails to state a claim upon which relief may be granted.

41. Plaintiffs claims and/or remedies are barred, in whole or in part, under the doctrines of waiver, release, estoppel, accord and satisfaction, unclean hands, and laches.

42. The Complaint is barred by the applicable statute of limitations.

43. The Complaint may be barred by after-acquired evidence.

44. The Complaint is barred by Plaintiffs' election of remedies.

45. Plaintiffs' claims for relief are barred, in whole or in part, because they unreasonably failed to mitigate their alleged damages.

46. Plaintiffs' claims for punitive damages are barred under KRS 411.184 et seq.

47. Plaintiffs' claims for punitive damages are barred under the United States Constitution, the Constitution of the Commonwealth of Kentucky, and KRS Chapter 344.

48. Plaintiffs unreasonably failed to avail themselves of adequate internal remedies to address any alleged discrimination or harassment they claim occurred.

49. Any action taken by Defendant with respect to Plaintiffs' employment by Defendant was for legitimate, non-discriminatory, non-retaliatory and lawful business reasons.

50. To the extent there existed a hostile working environment as alleged by Plaintiffs, which Defendant denies, Plaintiffs failed to avail themselves of adequate internal remedies of which they were aware.

51. A reasonable person in Plaintiffs' position would not have been offended by any condition under which Plaintiffs were employed or by any conduct which occurred.

52. Even if a reasonable person would have been offended by the conditions under which Plaintiffs were employed or any conduct which may have occurred, Plaintiffs were not so offended.

53. Plaintiffs unreasonably failed to take advantage of procedures in place to prevent or promptly correct any discrimination or harassment by failing to promptly report it and, to the extent that Plaintiffs did make any complaints of unlawful discriminatory or retaliatory conduct, Defendant engaged in a prompt investigation resulting in prompt and remedial corrective action.

54. Any conduct alleged to constitute harassment was not severe or pervasive, but isolated and innocuous.

55. Any conduct alleged to constitute harassment was not so intrusive as to interfere with the terms and conditions of Plaintiffs' employment.

56. Any conduct alleged to constitute harassment would not have adversely affected the terms or conditions of employment of a reasonable person in similar circumstances and would not have been offensive to a reasonable person under similar circumstances.

57. Defendant states that all actions taken with respect to Plaintiffs' employment were taken in good faith compliance with all applicable laws.

58. To the extent any alleged harassing or otherwise hostile working environment existed, which Defendant denies, it was neither severe nor pervasive and therefore did not constitute actionable harassment and/or discrimination.

59. Kentucky Revised Statutes, Chapter 344, does not authorize the recovery of tort damages for violations arising under KRS Chapter 344.

60. The action taken or not taken by Defendant would not have dissuaded a reasonable worker from making or supporting a charge of discrimination.

61. To the extent any conduct as alleged by Plaintiffs occurred between Plaintiffs and any employee of Defendant, which Defendant denies, Plaintiffs willingly welcomed, invited, provoked, induced, encouraged, endorsed, condoned, consented to, and/or participated in such conduct.

62. If Defendant had any knowledge of any improper conduct on the part of its employees, which Defendant denies, Defendant either conducted or would have conducted a reasonable and timely investigation of Plaintiffs' allegations to the extent required by law and taken all prompt and effective remedial action which was appropriate under the circumstances.

63. Plaintiffs' Complaint is barred, in whole or in part, under the exclusive remedy provisions of the Kentucky Workers' Compensation Act.

64. Plaintiffs' Complaint is barred, in whole or in part, under the "honest belief" rule.

65. The Complaint is barred by Plaintiffs' failure to exhaust administrative remedies.

66. The Complaint is barred by Plaintiffs' failure to exhaust the grievance and arbitration procedure contained in the collective bargaining agreement between Defendant and Plaintiffs' collective bargaining representative.

67. The Complaint is preempted by federal law, including the National Labor Relations Act.

68. The Court does not have jurisdiction to consider or interpret the collective bargaining agreement between Defendant and Plaintiffs' collective bargaining representative.

WHEREFORE, Defendant prays that Plaintiffs take nothing by their Complaint, that their Complaint be dismissed in its entirety and with prejudice, and that Defendant be awarded its fees and costs and such other relief to which it may appear to be entitled.

Respectfully submitted,

SMITH & SMITH ATTORNEYS

/s/ Oliver B. Rutherford
James U. Smith III
W. Kevin Smith
Oliver B. Rutherford
300 South, First Trust Centre
200 South Fifth Street
Louisville, Kentucky 40202
Tel: (502) 587-0761
Fax: (502) 589-5345
jus@smithandsmithattorneys.com
wks@smithandsmithattorneys.com
obr@smithandsmithattorneys.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Callie Walton, Esq., Counsel for Plaintiffs.

SMITH & SMITH ATTORNEYS

/s/ Oliver B. Rutherford
James U. Smith III
W. Kevin Smith
Oliver B. Rutherford
300 South, First Trust Centre
200 South Fifth Street
Louisville, Kentucky 40202
Tel: (502) 587-0761
Fax: (502) 589-5345
jus@smithandsmithattorneys.com
wks@smithandsmithattorneys.com
obr@smithandsmithattorneys.com
*Counsel for Defendant*